ROGERS, Circuit Judge,
dissenting.
The lower court’s grant of summary judgment to DFAS-CO on plaintiffs’ disparate impact claim should be affirmed, because the plaintiffs have not met their prima facie burden of demonstrating that DFAS-CO promotes African-Americans at a lower rate than other groups. Further, the magistrate judge did not abuse his discretion in his order concerning discov *403 ery sanctions. Therefore, I respectfully dissent.
Some information in the record suggests that performance reviews, employee awards, and employee discipline at DFAS-CO may have been administered with a disproportionately negative impact on African-Americans. These are mandatory factors in DFAS-CO’s consideration of candidates for promotion, but they do not form discrete barriers to eligibility for promotion. See Connecticut v. Teal, 457 U.S. 440, 448, 102 S.Ct. 2525, 73 L.Ed.2d 130 (1982) (holding that a pass-fail threshold test for promotions, which had a disparate impact on African-Americans, could, meet the plaintiffs’ prima facie burden). This court has not decided whether plaintiffs challenging a mandatory but non-pass/fail promotions factor must show that this factor causes a lower overall promotion rate for the protected group, in order for the plaintiffs to meet their prima facie burden and avoid summary judgment. It is unnecessary to decide that question here, however, because plaintiffs argue on appeal that they are “entitled to have the entire promotional process analyzed as one employment practice” for purposes of demonstrating a disparate impact. DFAS-CO does not contest this argument. Appellants’ Br. at 17; see 42 U.S.C. § 2000e-2(k)(1)(B)(i)(2001)(providing that, rather than challenging a discrete practice, plaintiffs may demonstrate that the elements of the employer’s decisionmaking process are “not capable of separation for analysis,” and that the process as a whole disparately impacts the protected class).
Even accepting as true the conclusions of the plaintiffs’ expert, the plaintiffs have failed to demonstrate that African-Americans are promoted at a lower rate than other groups at DFAS-CO. The majority concedes that evidence of a difference in overall promotions rates is “largely statistically insignificant.” Plaintiffs’ expert concluded that African-American employees were promoted at a rate of 42.23%, compared to white employees’ 45.87%, for the 1992-1996 period.[1] While the expert found this discrepancy to be statistically significant, it is still slight. The rate of promotion of African-American employees far exceeds four-fifths of white employees’ promotion rate, and federal enforcement agencies therefore would not generally regard this information as evidence of a disparate impact. See 29 C.F.R. § 1607.4(D) (2004). Particularly where, as here, statistical analysis is limited by unavailable data, the question of disparate impact must be considered “in light of all the evidence in the record.” Bazemore v. Friday, 478 U.S. 385, 401, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986). However, the PAT report’s findings, including conclusions that DFAS-CO’s subjective promotions practices led to favoritism and that many employees perceived the promotions process as racist, do not buttress the claim of overall disparate impact enough to overcome the lack- of statistical evidence of such impact. Because plaintiffs attacked DFAS-CO’s promotions process as one employment practice and failed to show that the process had a negative effect on African-Americans, I would affirm the grant of summary judgment.
Further, I respectfully disagree with the majority’s conclusion that the magistrate judge abused his discretion in granting plaintiffs’ motion for discovery sanctions against DFAS-CO but postponing the decision on what sanction to impose until hearing the merits of the case. Because *404 the magistrate ultimately granted summary judgment, no sanctions were imposed. Rule of Civil Procedure 37(b)(2) vests discretion in the district court to make “such orders ... as are just” regarding the violation of a discovery order. Despite the magistrate’s conclusion that DFAS-CO violated a discovery order, the magistrate was within his discretion in deciding not to impose sanctions immediately-